[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: April 10, 1996 Date of Application: April 10, 1996 Date Application Filed: April 11, 1996 Date of Decision: October 22, 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. CR94-458748.
Wesley Spears, Esq. Defense Counsel, for Petitioner.
Victor Carlucci, Esq. Assistant State's Attorney, for the State.
SENTENCE AFFIRMED
BY THE DIVISION:
On June 29, 1994, Hartford Police were dispatched to 263 Cotswold Street on a report of a stabbing. They found a black male slumped in a chair inside and two black females applying a towel compress to the left middle chest. They said they had been playing around with a knife when the victim was accidently stabbed. The defendant said, "We were fooling around with a knife and I pretended to stab him, and he walked into the knife."
Another witness in the apartment said that several people were playing cards when the victim came into the apartment. Jessamy and the victim began to argue about their sex lives, and as the argument escalated, the defendant grabbed a knife. The victim followed her into the kitchen, but she pushed him back onto the sofa. He attempted to get off the sofa and lunged forward and was stabbed in the chest. The victim looked down at his chest and fell into a chair behind him. The offender said, "I'm going to jail." CT Page 15388
She was taken to the police station where she admitted stabbing the victim, but saying that she did not mean to. He was pronounced dead from a single stab wound to the heart.
The petitioner claims the stabbing of the victim was unintentional and an accident. Neither the jury nor the court, Judge Thomas Corrigan, agreed. Although the petitioner was tried for the offense of murder, the jury took into account her claim as they have been maintained to the present, and accordingly found the petitioner guilty of the lesser included offense of Manslaughter in the First Degree for which a sentence of Twenty (20) years was imposed. The sentencing court believed the act was committed in anger, imposed the maximum and hoped the petitioner would continue to rehabilitate.
This Division's authority to modify a sentence is limited, under Practice Book § 43-28 to those sentences which are disproportionate or inappropriate using the various criteria indicated.
In reviewing this sentence pursuant to § 43-28 of the Practice Book, this Division cannot conclude it was neither inappropriate nor disproportionate.
Accordingly, it is AFFIRMED.
 ___________________ FORD ___________________ MIANO ___________________ HOLDEN
Judges Ford, Miano and Holden, participated in this decision. CT Page 15389